**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-5072**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD HENRY FRANKLIN,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, Chief District Judge.  (3:06-cr-00080)

———————————

Submitted:  March 12, 2007          Decided:  April 5, 2007

———————————

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael S. Nachmanoff, Acting Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Sara E. Flannery, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Henry Franklin appeals his conviction for one count of falsification of government records in violation of 18 U.S.C. § 2073 (2000).[*] For the reasons that follow, we affirm.

Franklin contends that the district court erred in denying his motions for judgment of acquittal filed pursuant to Fed. R. Crim. P. 29. This court reviews a district court's decision to deny a Rule 29 motion de novo. United States v. Ryan-Webster, 353 F.3d 353, 359 (4th Cir. 2003). Where, as here, the motions were based on an allegation of insufficient evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). The court reviews both direct and circumstantial evidence and permits the Government the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

---

[*]Franklin was charged with various offenses in a 25-count indictment. The government dismissed one count, and the jury acquitted Franklin on the remaining 23 counts.

In order to prove that Franklin falsified government records in violation of 18 U.S.C. § 2073, the Government had to establish that: (1) the defendant was an officer, clerk or employee of an agency of the United States; (2) he was charged with keeping accounts or records; (3) he made a false entry or report in such account or record; and (4) he did so with intent to deceive, mislead, injure or defraud. Franklin contends that the evidence was insufficient to support his conviction because it did not establish that (1) he failed to record transactions with the intent to deceive or defraud, or (2) he actually embezzled any funds.

The district court did not err in denying Franklin's motions. The videotaped and testimonial evidence established that Franklin failed to properly enter stamp sales into his computer, rendering his Daily Financial Reports (PS Forms 1412) inaccurate and creating excess cash in his cash drawer. While the Government was not required to prove that Franklin took the money, the weight of the evidence suggested that the excess money from the unrecorded stamp sales was both not reported and missing. Therefore, viewing the evidence in the light most favorable to the Government, ample evidence supported the inference that Franklin created false reports by omitting data and that he did so with the intent to deceive or defraud. Accordingly, we affirm Franklin's conviction and sentence. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED